```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

JACK HSU,

                    Petitioner,

        -v-                                              No. 05 Civ. 4586 (LTS) (JCF)
SUPERINTENDENT CUNNINGHAM,
WOODBOURNE CORRECTIONAL FACILITY,

                    Respondent.

------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/11/06

## ORDER ADOPTING REPORT AND RECOMMENDATION

On March 27, 2006, Magistrate Judge James C. Francis IV issued a Report and Recommendation ("Report"), which recommends that Petitioner Jack Hsu's petition for writ of habeas corpus (the "Petition"), pursuant to 28 U.S.C. § 2254, be denied. Jack Hsu ("Petitioner") filed timely objections in a document dated April 3, 2006.

In reviewing the Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West 2002). The Court is required to make a de novo determination as to the aspects of the Report to which objections are made. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Circ. 1997). However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report only for clear error. United States ex rel. Casa Redimix Concrete Corp. v. Luvin Constr. Corp. 00-7552, 2002 WL 31886040, at *4-5 (S.D.N.Y. Dec 27, 2002); Camardo v. General Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Chabrier v. Leonardo, No. 90-0173, 1991 WL 44838, at *1 (S.D.N.Y. Mar. 26, 1991); Schoolfield v. Dep't of Corr., No. 91-1691, 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994). Objections to a Report and Recommendation "are to be specific and are to address

only those portions of the proposed findings to which the party objects." Camardo, 806 F. Supp. At 381-382.

The Court has considered carefully the Petitioner's objections. Petitioner's objections in this matter are either conclusory or an effort to reiterate his earlier arguments. To the extent he raises any objections directed at the Report, they are general objections, simply disagreeing with Judge Francis' conclusions.[1] Because Petitioner raises only general objections, the Court reviews the Report for clear error.

The Court has reviewed Judge Francis' thorough and well-reasoned Report and finds no clear error on the face of the record. The Court adopts the Report in its entirety for the reasons stated therein. Accordingly, the Petition is denied.

The Court finds that because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should not be issued. See 28 U.S.C. § 2253; Middleton v. Attorneys General of States of N.Y. & Pa. 396 F.3d 207, 209 (2d Cir. 2005) (per curiam). The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

SO ORDERED.

Dated: New York, New York
April 11, 2006

LAURA TAYLOR SWAIN
United States District Judge

---

[1] In his objections to the Report, Petitioner also appears to recharacterize the facts in connection to his plea allocution. (See Petition ¶ 1.) The accuracy of his plea allocution was not one of the issues raised in his Petition and is therefore not relevant to this action.